MELROSE KELLOGG, Appellee, v. STORY COUNTY et al., Appellants.

No. 42030.

APRIL 3, 1934.

Jeffery C. Hougen, for appellants.

Carl A. Smedal, for appellee.

CLAUSSEN, C. J.—In April of 1930, a county superintendent of schools was elected for Story county, for a three-year term beginning September 1, 1930. Subsequent to such election and qualification the county superintendent of schools orally appointed plaintiff deputy county superintendent of schools for the term to which he had been elected. Thereupon plaintiff qualified by subscribing her oath upon her bond and filing the bond, with sureties duly approved, in the office of the county auditor. The bond was duly approved by the board of supervisors of the county. The county board of education fixed the salary of the deputy superintendent for the time material to this action at $80 per month, in accordance with Code, section 5234. On September 7, 1932, the board of supervisors passed a resolution dispensing with the office of deputy superintendent of schools. Thereupon the county auditor refused to issue warrants to plaintiff for her salary. This suit is brought to recover such salary. The trial court determined the issues in favor of plaintiff, and the county appeals.

I. It is first contended that the provisions of Code, section 5239, requiring that the officer appointing a deputy shall issue a certificate of such appointment and file the same in the office of the county auditor, were not complied with, and that in consequence plaintiff was never validly appointed deputy superintendent. The stipulation of facts discloses that plaintiff was orally appointed; that she duly qualified; that her bond was approved by the board of supervisors; and that she had discharged the duties of deputy superintendent. In this situation we think that the validity of plaintiff's appointment cannot be questioned. State ex rel. v. Claussen, 216 Iowa 1079, 250 N. W. 195.

II. The stipulation of facts does not disclose that the board of supervisors ever passed a resolution authorizing the appointment of a deputy superintendent. But the record does disclose, as above noted, that plaintiff was orally appointed such deputy, and that her bond as such was approved by the board of supervisors. It also indicates that the deputy discharged her duties under such appointment and qualification for at least two years prior to her present difficulties. The bond, which was approved by the board of super-

226

visors, contains the recital that plaintiff had been appointed for a term of three years. In this situation it cannot be held that plaintiff's appointment as deputy was not sufficiently authorized by the board of supervisors.

III. It is provided by Code, section 5238, that various county officers, including the county superintendent, may, with the approval of the board of supervisors, appoint one or more deputies, and that the number of deputies shall be determined by the board. It is contended that in this situation the board of supervisors creates the office of deputy and consequently can abolish it. The board of supervisors have such power in relation to deputies as the statutes give it. Code, section 5240, provides that the appointment of a deputy may be revoked at any time by the officer making it. The Code does not provide that the board of supervisors may abolish the office of deputy. We are satisfied that the board of supervisors did not have power to abolish the office of deputy county superintendent at the time such abolition was attempted by the board.

IV. Plaintiff is the wife of the county superintendent. Appellant contends that the appointment of plaintiff was prohibited by Code, section 1166, unless it was approved by the board of supervisors, such body being charged with the approval of the bond of the county superintendent. This contention must fail in view of our conclusion that the appointment of plaintiff was approved by the board of supervisors.

We find no error in the record, consequently the judgment of the trial court is affirmed.—Affirmed.

STEVENS, KINDIG, MITCHELL, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.